CLEMENT LEE *vs.* COMMONWEALTH. August 31, 1999. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Loss of evidence by prosecution.

Clement Lee, the petitioner, appeals under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief by a single justice of this court. A Superior Court judge had denied the petitioner's motion, based on the alleged loss by the Commonwealth of possible exculpatory evidence, to dismiss two indictments.

The denial of the petitioner's motion is an interlocutory ruling for purposes of rule 2:21 (1); and we consider whether the petitioner has met the requirement of rule 2:21 (2), that he "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." The petitioner asserts that certain medical records were lost or destroyed and argues that the records are material to both indictments. He contends: "If the records documented that the . . . complainant was sexually active . . . , suffered from a preexisting STD [sexually transmitted disease], or other medical condition that could cause paralysis that information would be exculpatory . . . by undermining the credibility of the complainant's allegation of rape. The records would be material to the second alleged rape because that complainant did not contract any STD as documented by her records." The petitioner then states that the motion judge's order that the Commonwealth "stipulate that the lost records document the existence of an STD after the rape occurred does more harm" to him. He concludes that the lost records bear directly on the complainant's credibility, would have produced evidence favorable to·him, or "would likely have affected the outcome of the trial." Hence, he says, the harm to him is "irremediable," and he asks that we dismiss the indictments.

The Commonwealth states that the motion judge's decision precludes the petitioner from using the medical records for impeachment, but does not prevent him from using the contents of the records for that purpose; and argues that at trial the petitioner may cross-examine the witness on the nature of her illness, its onset, and symptoms. The Commonwealth also argues that the petitioner may obtain appellate review as to whether he "was unfairly restricted in his effort to impeach the witness' credibility."

The petitioner, as noted, states that the "motion judge ordered the Commonwealth to stipulate that the lost records indicated the presence of a sexually transmitted disease after the rape"; and the Commonwealth says it was ordered "to stipulate . . . the . . . records would show that [the complainant] was diagnosed with a sexually transmitted disease." The motion judge's notation, on denying the motion to dismiss, contains two statements: one identifying the motion ("for loss of possible exculpatory evidence to wit: medical records show that [the complainant] was diagnosed with an [STD] subsequent to the alleged rape denied"); and another indicating a course of action ("Contents of medical records to be stipulated to by the Commonwealth"). We believe this latter statement, and the Commonwealth's arguments noted above, significantly undermine the petitioner's assertion that the harm is irremediable.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Scott P. Curtis* for the petitioner.